**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BOQIN WU,

              Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

              Respondent.

No.   15-71338

Agency No. A079-615-694

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2018[**]
San Francisco, California

Before: TASHIMA, BERZON, and CHRISTEN, Circuit Judges.

    Boqin Wu, a citizen of China, petitions for review of a decision of the Board

of Immigration Appeals (BIA) denying his application for withholding of removal.

Wu's application was based, in part, on his wife's allegedly involuntary

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

sterilization by local officials. Because the BIA erred in holding that Wu's wife's sterilization was not involuntary, we grant the petition and remand.

**1.** For withholding of removal, "a person who has been forced to . . . undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42); *see id.* § 1231(b)(3)(A).

The Immigration Judge (IJ) found that Wu failed to prove "whether or not the alleged sterilization was voluntary or involuntary," and so could not establish persecution on the basis of political opinion. As the government acknowledges, however, neither the BIA nor the IJ made a finding that Wu's testimony was not credible. No other evidence contradicted his testimony on that point. Therefore, we must accept as true his clear testimony, that his wife's sterilization was involuntary. *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1013 n.1 (9th Cir. 2011). The BIA's contrary conclusion was not supported by substantial evidence. *See id.* at 1019–20.

**2.** We remand for the BIA to apply properly the clear error standard governing the IJ's factual findings, to remand to the IJ if more fact-finding is

needed as to whether Wu's wife's sterilization was "forced,"[1] *see Ridore v. Holder*, 696 F.3d 907, 919 (9th Cir. 2012), or to resolve Wu's claim on a different ground. As to the last option, the government may well be correct in its argument before this court that Wu's family planning claim will ultimately fail because he himself has not demonstrated his resistance to, or persecution stemming from, his wife's involuntary sterilization. *See Matter of J-S-*, 24 I. & N. Dec. 520, 535 (BIA 2008); *see also Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010). But the BIA did not so hold. Any such determination is appropriately left for the agency in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

Petition **GRANTED; REMANDED.**

---

[1] *See Matter of T-Z-*, 24 I. & N. Dec. 163, 169 (BIA 2007) (holding that an abortion or sterilization is not "forced" under the INA unless "the threatened harm for refusal would, if carried out, be sufficiently severe that it amounts to persecution"). Neither our court nor any other has directly addressed whether the BIA's interpretation of "forced" in *Matter of T-Z-* is valid. We note, as did the BIA in *Matter of T-Z-*, the tension between the BIA's interpretation of the INA with regard to "forced" abortions and sterilizations and our own. *Compare id.* at 169–70, *with Zi Zhi Tang v. Gonzales*, 489 F.3d 987, 991 (9th Cir. 2007). But neither party briefed whether the BIA's interpretation nonetheless meets the standards for agency statutory interpretations, *see Nat'l Cable & Telecommc'ns Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005), and we do not reach the issue.